# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| ANTHONY BUSSIE,<br><br>Plaintiff,<br><br>vs.<br><br>VICE PRESIDENT MIKE PENCE, SENATE MAJORITY LEADER MITCH McCONNEL, SENATOR RICK SCOTT, CONGRESSMAN ROBERT E. ANREWS, ATTORNEY GENERAL WILLIAM BARR, TREASURER DEPARTMENT STEVE MNUCHIN, and J.P. MORGAN CHASE BANK,<br><br>Defendants. | CV 20-00055-H-SEH<br><br>ORDER |

Plaintiff Anthony Bussie, a federal prisoner incarcerated at the Federal Medical Center in Butner, North Carolina, and proceeding without counsel, filed a proposed Complaint[1] but did not provide the appropriate filing fee and did not file a motion to proceed in forma pauperis.[2]

---

[1] Doc. 1.

[2] Mr. Bussie has listed other individuals as plaintiffs in his Complaint, but those individuals did not sign the Complaint and they did not submit motions to proceed in forma pauperis. Since Mr. Bussie is not an attorney, he cannot represent those individuals in this action. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (a non-attorney plaintiff may not pursue a claim on behalf of others in a representative capacity). Mr. Bussie is considered the only plaintiff in this action and the Clerk of Court is directed to terminate Plaintiffs Cesar Sayo and John Kless.

Permission to proceed in forma pauperis is discretionary with the Court.[3] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court takes judicial notice of four federal cases previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 5:12-cv-792-D (E.D. N.C. Mar. 12, 2013) (dismissing case as frivolous); (2) 1:13-cv-23000-Ungaro (S.D. Fla Oct. 30, 2013) (dismissing case for failure to state a claim); (3) 1:14-cv-20673-CMA (S.D. Fla. Mar. 27, 2014) (dismissing case for failure to state a claim); and (4) 6:19-cv-1384-Orl-41-DCI (M.D. Fla. July 30, 2019) (dismissing case as frivolous).

Plaintiff has exceeded the three "strikes" allowed by the Prison Litigation Reform Act. The allegations in the Complaint[4] do not support a credible finding that Plaintiff is in "imminent danger of serious physical injury."[5]

---

[3] *See* 28 U.S.C. § 1915(a).

[4] Doc. 1.

[5] *See 28 U.S.C. § 1915(g)*

While ordinarily litigants are given a period of time to pay the full filing fee of $400.00, Plaintiff will not be allowed to do so in this case given his abusive litigation practices.[6]

ORDERED:

Plaintiff's proposed Complaint is DISMISSED.[7] The Clerk of Court is directed to close the case and enter judgment under Fed. R. Civ. P. 58.

DATED this 17th day of July, 2020.

*Sam E. Haddon*
Sam E. Haddon
United States District Court Judge

---

[6] Pacer indicates that Plaintiff has filed approximately 227 federal matters through the United States since December 2009.

[7] Doc. 1.